```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
TIMOTHY R. DEFOGGI,           :
                              :
        Petitioner,           :   Civ. No. 20-3889 (NLH)
                              :
     v.                       :   OPINION
                              :
                              :
UNITED STATES OF AMERICA,     :
                              :
        Respondent.           :
_____:
```

APPEARANCES:

Timothy R. Defoggi, 56316-037
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

    Petitioner Pro se

Craig Carpenito, United States Attorney
Elizabeth Ann Pascal, Assistant United States Attorney
Office of the U.S. Attorney
401 Market Street
P.O. Box 2098
Camden, NJ 08101

    Counsel for Respondent

HILLMAN, District Judge

    This matter comes before the Court on Petitioner Timothy R. Defoggi's motion for reconsideration. ECF No. 18. Petitioner argues the Court erred in dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he asked to

be released to home confinement due to the coronavirus COVID-19 pandemic. See ECF Nos. 1 & 7. Respondent United States has not filed opposition to the motion.

For the reasons that follow, the Court will deny the motion for reconsideration.

I. BACKGROUND

A jury in the United States District Court for the District of Nebraska convicted Petitioner of knowingly engaging in a child exploitation enterprise, 18 U.S.C. § 2252A(g); conspiracy to advertise child pornography,18 U.S.C. §§ 2251(d)(1),(e); conspiracy to distribute child pornography, 18 U.S.C. §§ 2252A(a)(2),(b)(1); and knowingly accessing a means or facility of interstate commerce to view child pornography, 18 U.S.C. § 2252A(a)(5)(B). United States v. Defoggi, No. 8:13CR105 (D. Neb. Jan. 6, 2015) (ECF No. 290). The district court vacated the convictions on Counts 2 and 3 as lesser included offenses of Count 1 and sentenced Petitioner to 300 months. Id.

The Eighth Circuit reversed the exploitation enterprise conviction on appeal and remanded for resentencing. United States v. Defoggi, 839 F.3d 701, 709-11, 713 (8th Cir. 2016). On resentencing, the trial court reimposed its original sentence of 300 months, consisting of four consecutive 75-month sentences. United States v. Defoggi, 878 F.3d 1102, 1104 (8th Cir. 2018). The Eighth Circuit affirmed. Id. According to the

BOP's website, Petitioner's projected release date is July 28, 2034.  Inmate Locator, available at https://www.bop.gov/inmateloc/# (last visited July 14, 2020).

On April 5, 2020, Petitioner applied to the BOP for release to home confinement under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, § 12003(b)(2) (2020).  ECF No. 1-1 at 1.  His request was denied on April 6, 2020, as he did "not meet the criteria per policy."  Id.  Two days later, Petitioner submitted his § 2241 petition to this Court.  ECF No. 1-2 at 1.

The Court dismissed the petition as unexhausted on June 3, 2020.  ECF No. 17.  Petitioner argued that he did not appeal the decision denying his request "[d]ues to CARES Act and Memo from US Attorney General directing BOP to take 'IMMEDIATE' action to release qualified, low threat inmates to home confinement."  ECF No. 7 at 3.  The Court concluded that this was not "cause" to excuse Petitioner's failure to appeal and that he had not shown prejudice because the BOP reasonably exercised its discretion in denying Petitioner's request for home confinement.

Petitioner now moves for reconsideration of that order.  ECF No. 18.

3

II.  DISCUSSION

A.  Legal Standard

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

B.  Analysis

It is not clear to the Court on which ground for reconsideration Petitioner relies.  He argues that "[n]either the CARES Act nor the AG Memorandums mandated or established a need for an inmate to exhaust Bureau of Prisons (BOP) Administrative Remedies before seeking Home Confinement under 28 USC§ 2241, Writ of Habeas Corpus."  ECF No. 18 at 1.  "Petitioner has completed approximately 33% of his sentence to date.  Percentage completed is statutorily a non-factor in the decision making process as has been evidenced by the early release of Michael Cohen and Paul [Manafort]."  Id. at 2.  "Per the US Attorney Memorandum of April 3, 2020, low level sex offenders are not excluded from eligibility for Home

4

Confinement." Id. It simply appears Petitioner disagrees with the Court's decision.

Liberally construing Petitioner's arguments as arguing that there is the need to correct a clear error of law, reconsideration is not warranted. As the Court noted in its prior opinion, there is a long-standing, judicially created exhaustion requirement for § 2241 petitions. See, e.g., Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) ("Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241."). Exhaustion may be excused, but the Court concluded Petitioner had not satisfied the cause-and-prejudice standard to excuse his failure to exhaust.

Likewise, reconsideration is not warranted on the grounds that the Court misinterpreted Attorney General Barr's April 3 Memorandum. Like the March 26 Memorandum before it, the April 3 Memorandum cautioned against releasing sex offenders:

> While we have a solemn obligation to protect the people in BOP custody, we also have an obligation to protect the public. That means we cannot simply release prison populations en masse onto the streets. Doing so would pose profound risks to the public from released prisoners engaging in additional criminal activity, potentially including violence or heinous sex offenses.
>
> . . . .
>
> Thus, while I am directing you to maximize the use of home confinement at affected institutions, it is essential that you continue making the careful,

> individualized determinations BOP makes in the typical case.  Each inmate is unique and each requires the same individualized determinations we have always made in this context.

Memorandum for Director of Bureau of Prisons, Apr. 3, 2020, available at https://www.justice.gov/file/1266661/download (last visited July 14, 2020).  The Court concluded that the Bureau of Prisons made a reasonable determination to deny Petitioner release on home confinement; Petitioner's disagreement with that decision is not a basis for reconsideration.  Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988); see also United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]").

III. Conclusion

    For the reasons stated above, the motion for reconsideration is denied. An appropriate Order will be entered.


Dated: July 16, 2020            s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.